```
 1  NICOLA T. HANNA
    United States Attorney
 2  CHRISTOPHER D. GRIGG
    Assistant United States Attorney
 3  Chief, National Security Division
    MARK TAKLA (Cal. Bar No. 218111)
 4  Assistant United States Attorney
    Terrorism and Export Crimes Section
 5       United States Attorney's Office
         411 West Fourth Street, Suite 8000
 6       Santa Ana, California 92701
         Telephone:  (714) 338-3591
 7       Facsimile:  (714) 338-3561
         Email:      mark.takla@usdoj.gov
 8
    Attorneys for Applicant
 9  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE SEARCH WARRANT | No. 8:19-MJ-00918(A) |
|---|---|
| | GOVERNMENT'S *EX PARTE* APPLICATION FOR SECOND EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICE; DECLARATION OF MARK TAKLA |
| | **(UNDER SEAL)** |

The United States of America, by and through its counsel of record, Assistant United States Attorney Mark Takla, hereby applies for an order extending by 120 days the time within which the government may retain and search a digital device seized pursuant to a federal search warrant.

//
//
//
//

This application is based on the attached declaration of Mark Takla and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: July 15, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

*Mark Takla*

MARK TAKLA
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

2

**DECLARATION OF MARK TAKLA**

I, Mark Takla, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 120 days, the following digital device seized pursuant to the warrant described below (the "SUBJECT DIGITAL DEVICE"):

    a. SanDisk Ultra USB 3.0 thumb drive, 64 gigabyte, serial number BN180126252J.

3. On December 3, 2019, Special Agent Babak Adib of the Federal Bureau of Investigation obtained a federal search warrant issued by the Honorable Douglas F. McCormick, United States Magistrate Judge, authorizing the search of a SanDisk Ultra USB 3.0 thumb drive, 64 gigabyte, serial number BN180126252J which was already in the custody of the Federal Bureau of Investigation. The warrant, which is incorporated herein by reference, authorized the seizure of digital devices for a period of 120 days to allow the government to search such devices for evidence of violations of 18 U.S.C. §§ 1512(c) and 1519 (Obstruction of Justice).

4. On December 3, 2019, federal agents executed the warrant and seized the SUBJECT DIGITAL DEVICE. On March 17, 2020, the Honorable Douglas F. McCormick, United States Magistrate Judge, authorized an extension of the period to allow the government to search the devices for evidence.

5.   This is the second request for an extension.  The current deadline by which the government must complete its review of the SUBJECT DIGITAL DEVICE is August 1, 2020.

6.   Based on information provided to me by agents assigned to this matter, I understand that in December 2019, the FBI consulted with examiners at the Orange County Regional Computer Forensics Lab ("OCRCFL") regarding the process by which the SUBJECT DIGITAL DEVICE could be reviewed and mined for data.  After fulfilling substantial discovery obligations of digital media to the defense regarding a trial scheduled to begin on January 10, 2020 involving the same subject of the investigation, the primary case agent submitted a formal request to the OCRCFL in order to process the SUBJECT DIGITAL DEVICE as previously discussed.  The OCRFCL made the information available to review on or around June 17, 2020; however, additional processing was still required to present the data in the desired format, which took place on or around June 25, 2020.  The reason for the delay includes work load of the primary case agent as well as the work load of the OCRCFL.

7.   For the following reasons, the government is requesting an additional 120 days to complete its review of the SUBJECT DIGITAL DEVICE:

   a.   The forensic review of digital devices is time consuming.  Agents cannot simply turn on computers and review their contents because merely turning on a computer and reviewing its contents changes the data on the computer.  Specialized computer software is therefore needed to ensure that evidence remains in a pristine and usable condition, and is not affected by the review process.  The review also must be conducted by agents who have

received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion.  This process takes substantial time.

   b. The SUBJECT DIGITAL DEVICE contains approximately 64 gigabytes of information.  Based on my training and experience, I know that one gigabyte could hold the contents of about ten yards of books on a shelf.  One hundred gigabytes could hold an entire library floor of academic journals.

   c. Due to time-sensitive discovery obligations that consumed a significant amount of resources, job responsibility transitions on the squad, and other case and administrative requirements, the SUBJECT DIGITAL DEVICE has not been fully reviewed.

   d. Finally, the COVID-19 pandemic has delayed adequate review of the device.  First, FBI management has instructed personnel to limit their time in FBI spaces to ensure social distancing.  In this case, the agent needs to be in the office at a government terminal to conduct the review.  Second, one of the computer forensic examiners assigned to this case has underlying health issues making him more susceptible to COVID-19 and has very limited availability in the office.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 15, 2020

*Mark Takla*
MARK TAKLA